COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


JAMES HAGEN HUBBARD
                                        MEMORANDUM OPINION[*]
v.   Record No. 2571-96-3                   PER CURIAM
                                         APRIL 22, 1997
JEAN CAROL PRITCHETT HUBBARD


                FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                         G. O. Clemens, Judge


             (Harvey S. Lutins; J. Emmette Pilgreen, IV;
             Lutins, Shapiro & Kurtin, on brief), for
             appellant.

             No brief for appellee.


     James Hagen Hubbard (husband) appeals the decision of the

circuit court denying his motion to reinstate this action on the

docket for further proceedings.  By order entered January 10,

1996, the trial court calculated the portion of husband's

retirement benefits payable to Jean Carol Pritchett Hubbard

(wife).  Husband contends the trial court erred by (1) ruling

that its January 10, 1996 decree was unambiguous, and (2)

refusing to reinstate the action.  Upon reviewing the record and

husband's opening brief, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

     The parties' separation agreement provided, in pertinent

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

part, that wife "shall remain entitled to her share of [husband's] railroad retirement as defined by applicable rules, regulation[s] and statute[s]." The trial court incorporated the parties' agreement into the 1995 divorce decree. That decree also provided:

> This matter is to be continued on the docket
> for the submission of an appropriate order
> concerning the Railroad Retirement benefits
> of the [husband], as agreed upon by the
> parties in the above mentioned Separation
> Agreement.

This decree was endorsed by husband's counsel as "We ask for this."

In an order entered January 10, 1996, the court addressed "the remaining issue of division of benefits pursuant to the Railroad Retirement Act and the separation agreement of the parties." The order recites "the further finding of the Court that the marital rights of the parties pursuant to the provisions of Virginia Code § 20-107.3, as amended, include the employee benefits of [husband] of the Railroad Retirement Act (45 U.S.C. Section 231, et seq.)." The order also states that "[a]fter consideration of the factors enumerated in . . . Code § 20-107.3 upon which evidence was introduced, and the agreement of the parties, it is accordingly ADJUDGED, ORDERED, and DECREED that" the wife is to receive fifty percent of the marital share of the husband's monthly divisible retirement pay. The order struck the matter from the court's docket. Husband's counsel endorsed the order as "Seen."

2

By motion filed March 29, 1996, husband sought to reinstate the matter on the docket. The motion alleged that "further proceedings are necessary to effectuate the expressed intent of the Divorce Decree."

On this appeal, husband contends that the trial court failed to reserve its equitable distribution jurisdiction when it entered the divorce decree in 1995. The husband argues that the trial judge retained jurisdiction only to enter an order dividing husband's railroad retirement benefits pursuant to the terms of the divorce decree and the parties' agreement incorporated therein. Husband contends that the court's decree exceeded the terms of the parties' agreement and that the trial court's January 10, 1996 order was ambiguous because the court purportedly exercised authority under Code § 20-107.3. Thus, husband contends that, to the extent the court purported to exercise equitable distribution jurisdiction, the order is void.

Code § 20-107.3(A) permits the trial judge to retain jurisdiction to adjudicate property rights. In the divorce decree and with the parties' agreement, the trial court expressly retained jurisdiction over the issue of husband's retirement benefits. Therefore, husband's argument that the January 10, 1996 order was void because it exceeded the retained jurisdiction is without merit.

Husband's petition to reopen recites that it was filed pursuant to Code § 20-121.1. However, husband contends that he

3

sought to reopen the proceedings under Code § 20-107.3(K), which

states in pertinent part as follows:

> The court shall have the continuing authority
> and jurisdiction to make any additional
> orders necessary to effectuate and enforce
> any order entered pursuant to this section,
> including the authority to:
>
>     *    *    *    *    *    *    *
>
> 4. Modify any order entered in a case . . .
> intended to affect or divide any pension
> . . . or retirement benefits pursuant to the
> United States Internal Revenue Code or other
> applicable federal laws, only for the purpose
> of establishing or maintaining the order as a
> qualified domestic relations order or to
> revise or conform its terms so as to
> effectuate the expressed intent of the order.

In either event, husband's petition alleged that the court's January 10, 1996 decree "had the effect of transferring a portion of [husband's] Tier II Railroad Retirement to [wife]" and that "the entry of the January 10, 1996 order was contrary to the provisions of the Separation Agreement as incorporated in the Divorce Decree." However, nowhere in the filings before the trial court nor in his brief on appeal has husband cited authority to support his allegation that the order as implemented was not in compliance with applicable rules, regulations and statutes. Code § 20-107.3(K)(4) does not authorize the modification of an order "simply to adjust its terms in light of the parties' changed circumstances." Caudle v. Caudle, 18 Va. App. 795, 798, 447 S.E.2d 247, 249 (1994).

Furthermore, although the husband disagrees with the ruling

4

in the January 10, 1996 order, he does not contend that "complete relief has not been obtained."  Code § 20-121.1.  Indeed, the order does afford complete relief.  Thus, the trial judge did not violate Code § 20-121.1 when he denied the motion to reinstate.

Finally, husband did not, within twenty-one days after its entry, object to the January 10, 1996 order implementing the parties' agreement or seek to modify, vacate, or suspend the order's effect.  Therefore, the unopposed decree was no longer under the court's control, <u>see</u> Rule 1:1, and we find no error in the court's denial of husband's motion to reinstate the matter on its docket.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>